■ JOSEPH C. HIPIUS et al., Respondents, v. CITY OF YONKERS, Defendant-Appellant and Third-Party Plaintiff-Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Appellant and Fourth-Party Plaintiff-Respondent; BROGAN CONSTRUCTION COMPANY, INC., Fourth-Party Defendant-Appellant, and J. L. HAYES, INC., Fourth-Party Defendant.— In a negligence action against the defendant City of Yonkers by the infant plaintiff to recover damages for personal injury sustained when he tripped and fell as a result of catching his foot in a declivity on a sidewalk pavement, at a point where a space of 3½ inches separated two flagstones and where one flagstone protruded over the other so as to create a hollow space 3½ inches deep; and by his father to recover damages for medical expenses and loss of services, in which action the defendant City of Yonkers interposed a cross complaint against the third-party defendant Consolidated Edison Company of New York, Inc., and Consolidated thereafter interposed its cross complaint against the fourth-party defendants, Brogan Construction Company, Inc., and J. L. Hayes, Inc., the parties defendant appeal as follows: (1) The defendant City of Yonkers appeals: (a) from a judgment of the Supreme Court, Westchester County, entered November 26, 1962 after trial upon a jury's verdict, in favor of the plaintiffs and against it; and (b) from so much of an amended judgment of said court, entered April 18, 1963, as is in favor of the plaintiffs and against it. (2) Consolidated, as third-party defendant, appeals from so much of the amended judgment of April 18, 1963, entered upon the court's decision disposing of the cross complaints, as determined that the third-party plaintiff City of Yonkers, on its cross complaint, recover over against Consolidated. (3) Brogan, as fourth-party defendant, appeals from so much of the amended judgment of April 18, 1963, entered upon the court's decision disposing of the cross complaints, as determined that the fourth-party plaintiff Consolidated, on its cross complaint, recover over against Brogan. Appeal by defendant City of Yonkers from judgment, entered November 26, 1962, dismissed, as academic; that judgment was superseded by the amended judgment. Amended judgment of April 18, 1963, insofar as appealed from by the respective parties, affirmed, with costs to plaintiffs. The City of Yonkers was properly cast in damages. Having granted a permit to Consolidated for a sidewalk excavation, the city had notice of the nature of the work to be performed and the city was subject to a continuing duty to inspect its permittee's work so as to safeguard the infant plaintiff wayfarer from the danger created by the permittee (*Ehret* v. *Village of Scarsdale*, 269 N. Y. 198). Since the city was held liable by reason of a dangerous surface condition, created by a subcontractor doing nonmunicipal work on behalf of the permittee, as general contractor, the city was entitled to indemnity from such permittee, Consolidated Edison (*Sobel* v. *City of New York*, 9 N Y 2d 187). On the issues arising out of the fourth-party complaint between the permittee Consolidated, as general contractor, and Brogan Construction Company, Inc., as subcontractor, the proof was sufficient to sustain the conclusions implicit in the determination thereon by the Trial Justice:

(a) that Consolidated did no work at the situs of the infant plaintiff's injury; (b) that the sole negligence of Brogan had affirmatively created the dangerous condition complained of, to wit, the elevated flagstone on the pavement where the infant plaintiff fell; (c) that Consolidated had no actual knowledge of the subcontractor's negligent handling of the flagstone; and (d) that Consolidated had not manifested any acceptance of Brogan's work at the place where the infant plaintiff encountered the elevated flagstone. Under these circumstances, as between the permittee-general contractor Consolidated which did no work, and the subcontractor Brogan which alone affirmatively created the dangerous condition, the permittee was merely guilty of passive negligence, and, having no actual knowledge of the dangerous condition, was not in *pari delicto* with the subcontractor and, hence, was not precluded from invoking the common-law right of indemnification (*Thornton* v. *City of New York*, 21 A D 2d 813). Moreover, the passive negligence of the permittee-general contractor did not render inoperative the subcontractor's written covenant to furnish indemnity (*Sobel* v. *City of New York*, 9 N Y 2d 187, *supra*; *Bundy* v. *City of New York*, 18 A D 2d 799, affd. 13 N Y 2d 1181; *General Elec. Co.* v. *Hatzel & Buehler*, 19 A D 2d 40, affd. 14 N Y 2d 639). The subcontractor was thus properly held liable on both common-law principles and by virtue of its contractual undertaking. In addition, the trial court properly concluded that Consolidated had not so unequivocally accepted Brogan's work as to have exonerated the latter on the theory that all duties on its part, under the contractual arrangements between the parties, had been fulfilled (cf. *Sobel* v. *City of New York*, *supra*). Unlike the situation in *Sobel*, at bar the order given by Consolidated to the fourth-party defendant Hayes to pave permanently the sidewalk did not embrace the area where the subcontractor Brogan had left the elevated flagstone. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.